United States District Court
Western District of New York

___

LeRon Bailey
   Plantiff,

- Against -

Superintendent J. Wolcott
  In her individual capacities;

P.A. Ms. West
  In her individual capacities;

Dept. of Security E. Raczkowski
  In his Individual capacities
  (and)

Officers John Doe's
  In their Individual capacities;

Civil Rights
First-Amend complaint
Pursuant 42 U.S.C. § 1983
Case No. 23-CV-822

*FILED MAY 28 2024 — U.S. District Court, Western District of NY, Mary C. Loewenguth, Clerk*

1

# JURISDICTION AND VENUE

1.) This is an action of civil, seeking relief and/or damages to defend and protect the rights guaranteed by the constitution of The United States. This action is brought pursuant to 42 U.S.C. § 1983, along with 12101 - 200. This court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, 1343(4) and 2201.

## Parties to This Action:

2.) Plantiff's information;

    Name LeRon Bailey, 15B1705

    Present place of incarceration:

        Wende ~~Attica~~ Correctional Facility

    3040 Wende Rd. ~~639 Exchange Street~~

    Alden, N.Y. 14004-1167 ~~Attica, NY 14011-0144~~

3.) Defendant's information;

    Defendant No.1: J Wolcott

        Official position: Superintendent

        address: Attica C.F.

    Defendant No. 2: Ms. West

        Official position: P.A. Nurse Admin.

        address: Attica C.F.

    Defendant No 3: G. Raczkowski

        Official position: Dept. Superintendent for security

        address: Attica C.F.

    Defendant No 4: John Doe

        Official position: Correctional Officer(s)

        address: Attica C.F.

## Statement of Claim Relevant to the Amended Complaint The ACTION Herein:

42 U.S.C.A. § 1983 to obtain relief from deprivation of U.S constitutions.

5.) The united states constitution, along with New York Article(s), Federal and state laws and statutes, to protect citizens against, deprivations of Government arbitrary powers of unfair and unlawful treatment, to equal and civil rights, were violated when superintendent J. Wolcott failed to respond back to Plantiff grievance(s) #'s 0364-23 Grievances filed: 5-25-23, (N/o responce) about being too far in galleries which is a life threating situation due to Plantiff of history for having seizures also (see attached c.c. letters Grivance complaint as Exzibit "A")

6.) S.D.N.Y. July 13, 2001) (motion to dismiss denied as to prision offical who recieved prisoners grievances denied them)

(3)

12) Attica superintendent J. Wolcott and Depty of security E. Raczkowski allowed its Adminstration as well as medical staff to allow the Plaintiff to remain housed in dangerous cell location(s) without emergency call buttons/ Pads built in walls in closer/front location(s)

---

## Point 2

### Deprivation of the Eight Amendment through that of the Fourteenth Amendment

---

13.) The United States Eight and Fourteenth Amendment (Amend) as well as New York Article and sections, which all states within the Jurisdiction of the United States and its laws are bound to follow, was deprived as the Fourteenth Amendment states: "All persons born or naturalized in the United states subject to the Jurisdiction ~~therefore~~ thereof, are citizens of the United States and of the state wherein they reside, state shall make ~~the~~ or enforce any law which shall abridge the privileges or immunities of the citizens of the United States: Nor shall my state deprive and person of life, liberty or property without due process of law: Nor deny any person within its Jurisdiction the equal protection of the law.

(4)

14) The United States Supreme Court has held that the due process clauses protection of liberty includes certain privacy related intrests, including the individual intrest in avoiding disclosure of personal matters [adequate medical treatment and care], when plantiff sought medical emergency, medical treatment of Attica Facility's employees [J. Wolocott, Nurse West] as both employees continously denied plantiff adquate medical treatment for a serious medical need, in <u>Estelle V. Gamble</u>, 429 U.S. 97 S.Ct. 285, 50 L Ed. 2d 251 (1977) The Supreme Court ruled that "Deliberate Indifference to a serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.... prescribe by the 8th Amendment; Also see <u>Greg V. Georgia</u>, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L. Ed 2d 859 (1976).

15.) The due process cluse of the 14th ~~Act~~ Amendment has two (2) Functions First, it protects the plantiff against arbitrary and unfair treatment by state officals. This aspect of the 14th Amendment is known as substantive Due Process. substantive Due Process rights were violated when Attica Correctional Facility Superintendent J. Wolcott and Dept. of security E. Raczkow- ski, allowed plantiff to suffer from a serious injury's (1) broken nose (2) swollen right upper lip (see injury report attached Eyzibit "B") Defendants has failed to act quickly to plantiff serious medical need.

(5)

# Point 3

**Deprivation of adequate medical care and treatment deliberate indifference to serious medical need**

(16.) Ms. West has since refused to address plaintiff request(s) complaint (via-grievances) about being housed dangerously in cell locations that's way too far back of galleries that's away from help when plaintiff seizures does occur. more than one grievance was filed by plaintiff leading with no results through Attica's ~~Amend~~ Administration and/or medical staff.

(17.) The second function of the Due Process clause is to ensure that the plaintiff is and was not deprived of life, liberty or property without due process of the law; This aspect of the 14th Admendment is known as procedural Due Process. The plaintiff under this clause [has] met three requirements of a 14th Amendment violation:

First, the plaintiff was deprived of his liberty and adequate medical treatment and care interest, when on June 16th, 2023 I suffered from a seizure that lead to plaintiff breaking his nose and swollen right upper lip (see injury report exzibit "B") and plaintiff made complaints to prison staff via grievance committee on why plaintiff should not be located in far cell location(s) due to his medical condition(s).

(6)

18) The second requirement for procedural due process claim is that the medical staff and Attica's Administration intend(s) to deprive the plantiff of his liberty and/or life intrest, when they failed to acknowldge the seriousness of the history of plantiff medical need(s) and failed to accommodate plantiff living condition and safety by not requireing to place plantiff in cell location(s) that has emergency call buttons/pads in cells.

19) The third requirement for procedural due process is that the plantiff was deprived his medical treatment and care, because the plantiff has been incarcerated in Attica C.F. for over 2 years and still remains located in back cell locations that will take staff and/or medical staff to reach plantiff during medical emergencies.

20) Another violation of the 14th Amendment and/or deprivation of the plantiff's right was ["equal protection clause"] The equal protection clause prohibits discrimination based upon the plantiff's color, race, ethnscity, creed As the plantiff is a man of color. Durining the plantiff's time of incarceration in Attica C.F. has had more seizures than privious incarceration at Greatmeadows C.F.

21) Since prisoners cannot obtain their own medical services, the constitution requires prison authorities, to provide them with "reasonable adequate medical care and treatment" courts have defined "adequate medical services" service at a level reasonably acceptable with prudent professional standards". And at a level of health services reasonable designed to meet routine and emergency medical, dental and psychological or psychiatric care. See Tillary V Owens, 719 F. Supp at 1301; Accord, Ramos V. Lamm 639 F.2d 559, 574 (10th cir. 1987)

(7)

22.) The supreme court has stated that deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the 8th Amendment as follows:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. Courts have also applied the deliberate indifference standard to pre-trial detainees under the Due Process clause.

23.) Defendant(s) superintendent J Wolcott, Dept. of security E. Raczkluski, P.A. nurse West, and officer(s) John Doe, allowed plantiff to suffer from his injurys on the morning of June 18th, 2023 while housed in #32 cell on C-Block company approx 11:30/40. All Defendant(s) were deliberately indifferent to the plantiff serious medical condition/need(s) and given that Atticas Admin. as well as medical staff. were fully aware of plantiff medical condition(s) when it was requested (via-grevance) to be moved up closer with help on gallery(s)

24.) Courts have held that repeated examples of negligence and negligent acts, which disclose a pattern of conduct by the prision medical staff may add up to deliberate indifference. See <u>Langley v. Coughlin, 715 F.supp 352, 541 S.D.N.Y. (1988.)</u>

(8)

Thus allegation does states a claim under caon and J. Wolcott and ms. West must remain as defendants.

## Pleading or Relief sought By:

### The plaintiff

28.) Plantiff PP seeks a Jury trial for punitive damages, injunctive declotory and monetary relief in the amount of $4,000,000.00 from superintendent J. Wolcott and Dept. of Security E. Raczkowski and P.A. West who failed to adequately supervise Attica under her control

(9)

# Affidavit of service

-against-

The state of New York
County of Erie

Affidavit of service
Claim No. 23-cv-822
Ind. No. 01140-2013

LeRon Bailey, being duly sworn, deposes and says: I am over the age of 18 and reside at wende corr. fac. on 4-17-24, I served within Amendment complaint upon the Attorney General of the state of New York by certified mail No. _____, return receipt requested at the following address:

Department of Law Capitol Building Albany, N.Y. 12224

Said address being the address designated by the Attorney General for the purpose by depositing a true copy of the within in a post paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States postal service within the state of New York

LeRon Bailey
Pro-se

Sworn to before me this 17 day of April, 2024

Zechariah Griffey
Notary Public

ZECHARIAH GRIFFEY
Notary Public, State of New York
Qualified in Erie Co. No. 01GR0018569
My Commission Expires December 12, 2027

(10)

**WENDE CORRECTIONAL FACILITY**
3040 WENDE RD., PO BOX 1187
ALDEN, NY 14004-1187

LeRon Bailey
13B1505
INMATE NAME/NUMBER

LEGAL MAIL

TO:
United States courthouse
2 Niagara sq
Bflo, N.y. 14202

Atty: court clerk

$1.87 - Recorded
2.20 ?

cc

USDC - WDNY
MAY 28 2024
BUFFALO

23-W-822

NEOPOST
05/21/2024
US POSTAGE $001.8
FIRST-CLASS
ZIP 1400
041M11281

WENDE
CORRECTIONAL FACILITY